IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRANCE BOBBIT,

    Petitioner,                     No. CIV S-06-2850 LKK DAD P

    vs.

K.C. KRAMER, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is petitioner's motion to hold proceedings in abeyance. In accordance with this court's May 8, 2007 order, respondent has filed a timely opposition.

**BACKGROUND**

        Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on February 5, 2005. Petitioner was charged in five counts of controlled substance offenses with prior prison term enhancements pursuant to Penal Code § 667.5(b). It was also alleged that petitioner had suffered three "strike priors." Petitioner pled nolo contendere to two of the substantive charges and admitted one "strike prior" conviction with the understanding that the maximum sentence he could receive was 12 years and 8 months in state

prison. At sentencing, the trial court imposed the upper term of 12 years and 8 months. The California Court of Appeal affirmed petitioner's conviction on April 7, 2006. The California Supreme Court denied his petition for review on May 16, 2006.

In his amended petition, petitioner alleges three grounds for relief: (1) petitioner was illegally sentenced to an upper-term sentence in violation of his Sixth Amendment right to jury trial and Fourteenth Amendment right to due process; (2) petitioner did not waive or forfeit his right to a jury trial on the aggravating circumstances; and (3) any waiver or forfeiture of petitioner's right to a jury trial by counsel's failure to demand a jury trial on aggravating circumstances or failure to object to a judicial determination of aggravating facts is the result of ineffective assistance of counsel in violation of the Sixth Amendment.

**PETITIONER'S MOTION FOR STAY AND ABEYANCE**

Petitioner requests that the court hold his petition for writ of habeas corpus in abeyance to afford him an opportunity to exhaust additional claims for relief in state court. (Pet'r's Mot. for Stay & Abey. at 1.) Petitioner also seeks to preserve his Blakely v. Washington, 542 U.S. 296 (2006) claim in light of the United States Supreme Court decision in Cunningham v. California, ___ U.S. ___, 127 S. Ct. 856 (2007).[1]

Petitioner contends that his federal petition contains fully exhausted claims for relief. However, petitioner has since filed a habeas petition in the California Supreme Court, challenging his sentence, which he claims is a result of vindictive prosecution, and challenging his plea bargain, which he claims is a result of ineffective assistance of trial counsel because his counsel allegedly failed to advise him on a plea offer of six years. Petitioner, anticipating a delay in fully exhausting these claims to the state's highest court, filed his federal petition and requested a stay. (Pet'r's Mot. for Stay & Abey. at 3.)

/////

---

[1] At the time petitioner filed his motion for stay and abeyance the Supreme Court had granted certiorari in Cunningham, but had not yet decided the case.

2

**RESPONDENT'S OPPOSITION**

Respondent contends that petitioner has failed to demonstrate good cause for the granting of a stay. Respondent notes that petitioner desires to stay this action to exhaust additional claims related to his trial counsel and to preserve his <u>Blakely</u> claim. Respondent argues that neither of these reasons is sufficient to justify a stay of these federal proceedings. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 1.)

Respondent alleges that petitioner falls short of meeting his burden under <u>Rhines v. Weber</u>. Petitioner has not demonstrated good cause and has not asserted any objective, external factor that cannot fairly be attributed to him as to why these claims were not previously raised. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 4.) Petitioner has not alleged that he was ignorant of the claims, the substance of which were plainly known to him at trial. Respondent points to the California Superior Court decision, denying petitioner's habeas petition. That court relied on the trial transcripts demonstrating that petitioner was provided the opportunity to accept a six-year plea offer in open court but declined to do so. Respondent contends that petitioner was present and was an active participant during the trial proceedings and was well-aware of the claims he is now pursuing in state court. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 5.)

Respondent argues that, even if petitioner has shown good cause, his unexhausted claims are meritless. Respondent reiterates that petitioner knew at trial that the prosecution's plea offer had increased from six years to twelve years and eight months. Under state law, preserving a claim of vindictive prosecution requires that it be raised in a pretrial motion to dismiss. Absent this step, the issue is waived on appeal. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 5.) Respondent contends that petitioner has not met his burden of showing good cause, and even if he has, the state record demonstrates that the issues he intends to raise are meritless. Accordingly, respondent concludes that petitioner's motion should be denied. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 5.)

## ANALYSIS

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). The Court cautioned, however, that "stay and abeyance should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78. The Court noted that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278.

Petitioner cannot present any new claims to this court until those claims have been fairly presented to the California Supreme Court. It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose. Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. On direct appeal, the California Supreme Court did not deny petitioner's petition for review until May 16, 2006. Petitioner proceeded by promptly filing his initial petition before this court on December 18, 2006 and filing a state petition, containing his unexhausted claims, with the California Supreme Court on February 26, 2007. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. Finally, although respondent may ultimately prove to be correct regarding the merits of the claims which petitioner is now exhausting, the undersigned at this time does not find them to be plainly meritless. The undersigned will therefore recommend that this action be stayed while petitioner exhausts his unexhausted claims.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's December 18, 2006 motion to hold proceedings in abeyance be granted;

2. In the event that all of petitioner's unexhausted claims that he wishes to present to this court were not included in his state habeas petition filed on February 26, 2007 with the California Supreme Court, petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days from the date of this order,

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

5. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed second amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

DATED: July 23, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bobb2850.sty